# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS BOWMAN, | : | |
| BOP ID 70857-019, | : | |
| Movant, | : | CIVIL ACTION NO. |
| | : | 1:18-CV-5400-LMM-CMS |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:17-CR-189-1-LMM-CMS |
| Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

The Clerk opened Case No. 1:18-CV-5400 on November 27, 2018, when the United States District Court for the Middle District of Alabama transferred filings submitted by federal inmate Thomas Bowman, seeking to challenge the validity of a conviction and sentence that had been imposed in this Court in Case No. 1:17-CR-189-1. *See* [48].

I summarized the procedural background in an Order entered on December 3, 2018, and advised Bowman that he had "two–and only two– options," namely, "either [to] (1) assent to recharacterization and proceed on his claims under [28 U.S.C.] § 2255 or (2) move to dismiss this case if he [did] not wish to (for whatever reason) proceed under § 2255 in this Court." [49] at 1-4.

This matter is now before the Court because Bowman has filed a "Motion to Dismiss Associated Cause of Action."  *See* [51].

Bowman's "Motion to Dismiss" acknowledges that an "associated cause of action [was] recently transferred (27 NOV 2018) to the court," and "requests that this court DISMISS the erroneous transferred habeas case." [51] at 1-2.  Although Bowman states that his "Motion to Dismiss" was "[s]ubmitted this 7th day of November 2018," *id.* at 4, I find that this is a typographical error (because Bowman explicitly acknowledged the transfer occurring on November 27, 2018), and I conclude that Bowman was responding to my December 3, 2018 Order and seeking voluntarily to dismiss this case.

Accordingly, I **RECOMMEND** that the Clerk be **DIRECTED** to treat Bowman's "Motion to Dismiss" as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and to enter a judgment dismissing Case No. 1:18-CV-5400 without prejudice.  *See* 28 U.S.C. foll. § 2255, Rule 12 ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent they are not inconsistent

with any statutory provisions or these rules, may be applied to a proceeding under these rules.").[1]

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because Bowman does not meet the requisite standards. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 14th day of January, 2019.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] I have already explained to Bowman that if he wishes to attempt to invoke the "saving clause" in 28 U.S.C. § 2255(e) and seek relief pursuant to 28 U.S.C. § 2241 in the Middle District of Alabama, he should do that separately. *See* [49] at 4 n.2.