# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

THOMAS BOWMAN,
   Movant,

v.

UNITED STATES OF AMERICA,
   Respondent.

CRIMINAL ACTION NO.
1:17-CR-189-1-LMM

CIVIL ACTION NO.
1:18-CV-5400-LMM

## ORDER

Movant – who was convicted in this Court after his guilty plea in connection with his providing false information on a Small Business Administration loan application and his scheme to defraud his accounting clients by pocketing client funds that he was supposed to pay to the Internal Revenue Service – initially filed this action in the Middle District of Alabama, purporting to seek habeas corpus relief under 28 U.S.C. § 2241.[1] As Movant was clearly challenging his conviction, the Alabama court correctly concluded that he could not proceed under § 2241, that the only avenue of relief available to him was via a motion to vacate brought pursuant to 28 U.S.C. § 2255, and that, pursuant to § 2255(a), his action must be transferred to the Court where he was convicted. See generally McCarthan v. Dir. of Goodwill Indus.-Suncoast, 851 F.3d 1076, (11th Cir. 2017).

The Magistrate Judge properly informed Movant that he had two choices: he could either proceed under § 2255 or dismiss his case. [Doc. 49]. In response,

---

[1] A much more detailed procedural history of this matter is provided by the Magistrate Judge in her order of December 3, 2018. [Doc. 49].

Movant filed a motion to dismiss, [Doc. 51], and the Magistrate Judge issued her Report and Recommendation (R&R) in which she recommends that Movant's motion be granted and the § 2255 motion (or § 2241 petition) be dismissed. [Doc. 54]. Movant then objected. [Doc. 57].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

In his objections, Movant concedes that he filed a motion to dismiss, but he complains that the Magistrate Judge "is recommending a Rule 41 'Voluntary' DISMISSAL, instead of [Movant]'s 'Motion to Dismiss Cause of Action.'" [Doc. 57 at 1 (emphasis in original)]. He further objects to the fact that the Magistrate Judge refused "to acknowledge this court has NOT been afforded a provisional Grant of Jurisdiction, under the 28 U.S.C. § 2255 statute at large." [Id.]. Apparently, Movant believes that he is entitled to a ruling from this Court that it does not have subject matter jurisdiction to preside over this action. Movant is only partly correct. Plaintiff

AO 72A
(Rev.8/82)

wants to proceed under § 2241, and this Court lacks *personal* jurisdiction over his custodian under § 2241, see Rumsfeld v. Padilla, 542 U.S. 426, 445 (2004), but personal jurisdiction is subject to waiver. As a result, this Court has no duty to *sua sponte* determine that it lacks jurisdiction as Movant seems to believe, and, as explained by the Magistrate Judge, the Middle District of Alabama followed the proper procedures in transferring the matter to this Court.

In any event, Movant has filed a motion to dismiss that he has not withdrawn. Accordingly, the R&R, [Doc. 54], is hereby **ADOPTED** as the order of this Court. Movant's motion to dismiss, [Doc. 51], is **GRANTED**, and the § 2255 motion, [Doc. 48], is **DENIED** without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). The Clerk is **DIRECTED** to close the associated case, Civil Action No. 1:18-CV-5400-LMM. Finally, because this Court agrees with the Magistrate Judge that it is not reasonably debatable that Movant is not entitled to relief on his claims, a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 12th day of March, 2018.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE