**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS BOWMAN, | : | MOTION TO ARREST JUDGMENT |
| Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | CRIMINAL INDICTMENT NO. |
| Plaintiff. | : | 1:17-CR-0189-LMM-CMS-1 |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Thomas Bowman's Fed. R. Crim. P. 34 motion to arrest judgment. (Mot. to Arrest J., ECF No. 69).

On June 29, 2017, the Court accepted Defendant's plea of guilty for making a false statement on a bank loan application and for false writing. (Guilty Plea Tr. at 31, ECF No. 11). On June 8, 2018, the criminal judgment against Defendant was entered, and on July 17, 2018, an amended criminal judgment, as to restitution, was entered. (J., ECF No. 22; Am. J., ECF No. 32). In a filing submitted on November 24, 2019, Defendant moves under Rule 34 to arrest the criminal judgment under which he is detained and asserts that time limitations should be ignored because the Court lacked jurisdiction when it imposed judgment. (Mot. to Arrest J. at 1-2).

Under Rule 34(a), "[u]pon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense."  Under Rule 34(b), "[t]he defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere." Thus, the motion, although premised on whether the Court has jurisdiction, must be filed with fourteen days of the court's finding of guilt.  Further, "[t]he time period to file a Rule 34 motion to arrest judgment is jurisdictional. . . . Thus, a defendant's failure to move for arrest of judgment within Rule 34(b)'s prescribed [time] period, without having been granted an extension of time, divests the district court of jurisdiction to rule on the motion."  United States v. Searcy, 278 F. App'x 979, 980 (11th Cir. 2008) (citing Massicot v. United States, 254 F.2d 58, 61 (5th Cir. 1958)).

Here, Defendant's motion was filed more than two years after the Court found that he was guilty and more than a year after the Judgment and Amended Judgment were entered against him.  The Court lacks jurisdiction to rule on the motion.

Accordingly,

**IT IS RECOMMENDED** that the motion to arrest judgment [69] be **DISMISSED** for lack of jurisdiction.

2

The Clerk of Court is **DIRECTED** to withdraw the referral to the undersigned of the motion to arrest judgment.

**IT IS SO RECOMMENDED and DIRECTED**, this 21st day of January, 2020.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE