**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS BOWMAN, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:17-CR-0189-LMM-CMS-1 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:20-CV-0857-LMM-CMS |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

The matter is before the Court for preliminary review of Movant Thomas Bowman's construed motion to vacate, 28 U.S.C. § 2255, in which he seeks to challenge his convictions and sentences entered in this Court under the above criminal docket number. [Doc. 79]. Preliminary review under Rule 4 of the Rules Governing Section 2255 Cases requires that a motion to vacate be dismissed "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"

**I.   Background**

On June 29, 2017, Movant pleaded guilty to one count of making a false statement on a bank loan application and one count of false writing, in violation of

18 U.S.C. §§ 1014 and 1001(a)(3). [Doc. 1; Doc. 6-1]. By judgment entered on June 8, 2018 (amended as to restitution on July 17, 2018), the Court imposed a total 30-month term of imprisonment. [Docs. 22, 32]. The record shows that Movant appealed from the Court's denial of his August 2018 post-judgment motion for relief under 28 U.S.C. § 2201, which appeal was dismissed for want of prosecution, but the record does not show that Movant filed a direct appeal. [See Docs. 34, 35, 37, 61].

Movant now seeks collateral relief. [Doc. 79]. The United States District Court for the Middle District of Alabama construed Movant's December 22, 2019 Application for Habeas Corpus as a § 2255 motion.[1] [Doc. 81 at 4].[2] The construed

---

[1] The construed motion initially was submitted by eight prisoners, and the United States District Court for the Middle District of Alabama directed that separate actions be opened for each inmate. [Doc. 80]. Accordingly, the Court disregards the references to the other prisoners in the construed motion to vacate.

[2] Movant's earlier November 2018 and November 2019 construed motions to vacate were dismissed without prejudice. [Docs. 59, 77]. In November 2018, the United States District Court for the Middle District of Alabama transferred to this Court Movant's first construed motion to vacate. [Doc. 48]. This Court gave Movant an opportunity to assent to the recharacterization of his pleadings and proceed under § 2255 or to move to dismiss the proceedings. [Doc. 49 at 4]. Movant moved to dismiss, and the Court granted his motion. [Doc. 59 at 3]. In November 2019, the United States District Court for the Middle District of Alabama transferred to this Court Movant's second construed motion to vacate. [Doc. 66]. The Court gave Movant an opportunity to amend and proceed under § 2255, to withdraw the

2

motion to vacate was transferred to this Court and filed on February 25, 2020. [Doc. 79]. The record shows (1) that Movant received a Castro[3] warning and an opportunity to amend and assert any additional claims that he wished to assert under § 2255, (2) that Movant wishes to proceed on his construed § 2255 motion, and (3) that Movant wishes "to proceed only on the claims he presents in the construed § 2255 motion." [Doc. 82; see also Doc. 81 at 3-4].

## II. 28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C.

---

construed § 2255 motion, or face the dismissal of his construed motion. [Doc. 70 at 2]. Movant did not respond, and the Court dismissed without prejudice Movant's second construed motion to vacate. [Docs. 73, 77].

[3] Castro v. United States, 540 U.S. 375, 377 (2003) (holding that the court cannot recharacterize a *pro se* litigant's motion "as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize . . . and provides the litigant with an opportunity to withdraw, or to amend, the filing").

3

§ 2255.  The § 2255 movant bears the burden to establish his or her right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.

"Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 164, 166 (1982).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).  "The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)).  That is the case here, as shown in the discussion further below.

### III. Discussion

Movant asserts that his detention conflicts with legislation and constitutional protections because federal courts are courts of limited jurisdiction and because

citizens can be imprisoned only pursuant to an act of Congress or for offenses against the laws of the United States. [Doc. 79 at 1-3]. Movant appears to argue that he can only be held for offenses against the United States, not offenses against private entities, and asserts that the offensive conduct "must affect the United States[] (government)[.]" [Id. at 2-3].

A federal district court has subject matter jurisdiction to hear and determine federal charges against a criminal defendant. See 18 U.S.C. §3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); Alikhani v. United States, 200 F.3d 732, 734-35 (11th Cir. 2000) ("The United States filed an indictment charging Alikhani with violating 'laws of the United States,' and § 3231 on its face empowered the district court to enter judgment upon the merits of the indictment . . . ."); see also United States v. Schumaker, 479 F. App'x 878, 881-82 (11th Cir. 2012) (rejecting as "unbelievably frivolous" a challenge to district court's subject matter jurisdiction under § 3231 (quoting United States v. Collins, 510 F.3d at 697, 698 (7th Cir. 2007))). Federal crimes, as defined by the laws of the United States, include crimes against the government and crimes against private entities. See generally Part 1, Chapters 1-123, of Title 18 of the United States Code.

5

Movant's claim fails as the federal court has jurisdiction over all offenses as defined in the United States Code, including violations of 18 U.S.C. §§ 1014 and 1001(a)(3). Because Movant's claim is completely without merit, the Court does not address the timeliness of Movant's motion to vacate, although it appears that Movant's motion to vacate also is untimely.[4]

## IV. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla.

---

[4] Movant's conviction became final on July 31, 2018, at the latest; Movant's motion to vacate was due by July 31, 2019; and Movant's December 22, 2019 construed motion to vacate is untimely by approximately five months. See Fed. R. App. P. 4(b)(1)(A)(i); 28 U.S.C. § 2255(f)(1).

6

Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [Doc. 79] to vacate, set aside, or correct his federal sentence and a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 25th day of March, 2020.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE